UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. JOHNSON,

    Plaintiff,

v.                                      Case No. 23-CV-1263

JAY VAN LANEN, *et al.*,

    Defendants.

## ORDER

On January 4, 2024, plaintiff Michael S. Johnson, who is incarcerated and representing himself, filed a motion asking the court to reconsider its dismissal of defendants Christopher Stevens Michelle Haese, John Kind, Michael Schultz, and Darcy Stevens. (ECF No. 12.) In its screening order, the court did not allow Johnson to proceed against Darcy Stevens because Johnson only alleged that Stevens asked him to assist staff in preventing a riot, which is not a constitutional violation. (ECF No. 10 at 6.) Johnson argues that he really alleged that Darcy asked him to assume a "supervisory disciplinary authority gang leader role" and that the Ninth Circuit Court of Appeals held this to be a constitutional violation. Johnson is taking issue with how the court construed his allegations and applied the law, which is not a basis to grant a motion for reconsideration. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d

601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

The court also did not allow Johnson to proceed on a claim against Christopher Stevens, Haese, Kind, and Schultz because he alleged that they did not respond to or investigate his complaints regarding the other defendants' retaliatory actions, and prisoners do not have a constitutional right to an investigation of their grievances. (ECF No. 10 at 6.) Johnson now states that the court misunderstood his allegations and that he is really alleging that they failed to intervene to prevent retaliation. However, Johnsons allegations clearly show that his complaints were either formal or informal. If they were formal, meaning through the inmate grievance process, then as the court stated in its screening order, the defendants cannot be held liable for failing to correct the issues unless there was some mishandling of the grievances. As for informal complaints, The Court of Appeals for the Seventh Circuit has explained, "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017). Thus, Johnson still fails to state a claim against those defendants.

**IT IS THEREFORE ORDERED** that Johnson's motion for reconsideration (ECF No. 12) is **DENIED.**

Dated at Milwaukee, Wisconsin this 31st day of January, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge